IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EBONY JONES, *on behalf of herself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 7:22-cv-00486 |
| v. | ) ) **MEMORANDUM OPINION** ) |
| 573 LLC, *et al.*, | ) By: Hon. Thomas T. Cullen ) United States District Judge |
| Defendants. | ) |

This action to recover unpaid wages[1] under the Fair Labor Standards Act ("FLSA") is before the court on the parties' joint motion to approve their settlement agreement. (ECF No. 24.) On November 11, 2022, the parties filed their joint motion and Memorandum of Law in Support (ECF No. 25) with the fully executed Settlement Agreement (ECF No. 25-1) attached. Under its terms, Plaintiff Ebony Jones will receive payment from Defendants in the amount of $2,962.42, and her attorneys will receive $10,812.70 for their fees ($10,050) and costs ($762.70). (*See* ECF No. 25-1 at 2.) The parties agree that the "total settlement amount of $13,775.12 represents adequate consideration in full and final settlement of the claims." (*Id.* (cleaned up).) The court has considered the Settlement Agreement, the representations in the parties' joint motion for its approval, and the statements made during the fairness hearing.[2]

---

[1] Plaintiff alleges that Defendants 573 LLC, 3471 LLC, 3475 LLC, 3485 LLC, 5634 LLC, 577 LLC, PHC Roanoke LLC, and Peachtree Restaurant LLC (collectively "Defendants"), who own and operate IHOP restaurants throughout Virginia, failed to pay her (and others similarly situated) the applicable minimum wage, and that Defendants failed to compensate her (and others similarly situated) for overtime work performed at their direction.

[2] The fairness hearing was held on December 8, 2022.

Accordingly, and for the reasons explained below, court finds that the proposed Settlement Agreement is fair, reasonable, and adequate, and approves it on the terms contained in the Settlement Agreement.

The FLSA does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). The parties may not finalize a settlement until the court has determined that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynns Food Stores*, 679 F.2d at 1355.

In claims filed under the FLSA, the court will approve a proposed settlement only after it is satisfied that the settlement is a reasonable compromise of disputed issues. *See Johnson v. Helion Techs., Inc.*, No. CV DKC 18-3276, 2019 WL 4931356, at *1 (D. Md. Oct. 7, 2019); *see also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 459 (4th Cir. 2007) (noting that under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims"); *Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H-KS, 2018 WL 10689660, at *1 (E.D.N.C. Feb. 14, 2018) ("The rights guaranteed by the FLSA cannot be waived by private agreement between employer and employee." (cleaned up)).

Here, the Settlement Agreement indicates that it "represents adequate consideration in full and final settlement of the claims. . . ." (ECF No. 25-1 at 2.) When considering whether a

proposed FLSA settlement is fair, adequate, and reasonable, courts consider the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Considering the applicable factors in this case, the court finds that the Settlement Agreement represents a reasonable compromise of a bona fide dispute as to Defendants' liability for Jones's FLSA claims.

The Settlement Agreement's terms provide for the Defendants' payment in the amount of $13,775.12—$2,962.42 to Jones and $10,812.70 to her attorneys—which the court deems to be reasonable under the circumstances. The parties have only engaged in relatively minor discovery, but continued litigation would not increase Jones's potential recovery, nor is it likely to uncover additional information that would bolster Jones's claims. Jones alleges that, throughout her approximately three-month employment at IHOP,[3] she was required to perform non-tipped work at a rate of $2.13 per hour and was paid an improper tip-rate of $3.20 per hour when working over 40 hours per week. (Compl. ¶¶ 14, 40–41 [ECF No. 1].) The Settlement Agreement purports to provide Jones with the maximum amount she could recover, including liquated damages, based on her calculations from the "robust data"

---

[3] She worked at the IHOP located at 3926 Franklin Road SW, Roanoke, Virginia 24014 from approximately December 2020 until March 2021. (Compl. ¶ 14.)

provided by Defendants regarding her work hours and pay records. (Memorandum of Law in Support at 3.) In other words, "the relief that [Jones] will receive is complete. [She] could not have done better, and may have done worse, had this matter continued." (*Id.* at 10.) Indeed, the Settlement Agreement includes 100% liquidated damages to account for the gulf between what she was actually paid and what she was entitled to under law.

The Settlement Agreement was also negotiated at arm's length between experienced counsel. Jones is not prejudiced by the award, and she is being offered full relief. (*Id.* at 7–8.) Furthermore, there is no evidence of fraud or collusion between the parties, and Jones's counsel agreed to reduce its fees slightly in order to finalize the settlement. (*Id.*)

Although Jones believes that this action would be successful on the merits, was styled as a (proposed) collective action, and that conditional certification would have been successful, Defendants disagree, and continued litigation could be protracted and costly. Should Jones continue to litigate this case, her recovery may be limited on the grounds of, for example, the validity of the so-called "20-percent rule" for tipped employees, as well as legal and factual disputes about what constitutes qualifying tip and non-tip work under it. In sum, Jones is not guaranteed to prevail at any stage of the litigation or at trial. Instead, the Settlement Agreement provides Jones with what appears to be—and what she and her counsel agree is—the full amount she would be able to recover after months, or years, of future litigation.

Lastly, the court must consider the fairness of the attorneys' fees and costs to be awarded to Jones's counsel under the Settlement Agreement. *See* 29 U.S.C. § 216(b); *see also Lynn's Food Stores*, 679 F.2d at 1355. The court has considered that Jones's counsel is receiving multiple times' more in attorneys' fees and costs than Jones is receiving in actual and liquidated

damages, but this fact does not alter its determination of the fairness and adequacy of the settlement. Under the lodestar method of assessing the reasonableness of attorneys' fees, *see, e.g., LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588 (E.D. Va. 2016), the number of hours "worked" by counsel would not vary significantly whether Jones was entitled to $2,962.42—as here—or a substantially larger amount, based on the limited discovery and calculations the parties' joint motion describes. Since the attorneys' fees and costs were negotiated and agreed to by the parties, and Jones's experienced counsel indicated that Jones is receiving the "complete relief" she is entitled to under the FLSA, the court finds their amount to be reasonable despite exceeding Jones's recovery. *See Devine v. City of Hampton, Virginia*, No. 4:14CV81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015) (considering that the attorneys' fees amount was negotiated and agreed to when evaluating its reasonableness); *Teague v. Bakker*, 213 F. Supp. 2d 571 (W.D.N.C. 2002) ("In the Fourth Circuit, 'the most critical factor in calculating a reasonable fee award is the degree of success obtained . . . .'" (citing *McKnight v. Circuit City Stores, Inc.*, 14 Fed. App'x 147, 159 (4th Cir. 2001)); *Jackson v. Estelle's Place, LLC*, 391 Fed. Appx. 239, 244 (4th Cir. 2010) (noting that attorneys' fees need not necessarily be proportionate to the amount the plaintiff recovers, and affirming district court's granting an award of attorneys' fees larger than the plaintiff's recovery, inclusive of liquidated damages) (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (applying the principle cited in *Jackson* in the context of civil rights litigation because of its *sui generis* nature where plaintiffs seek to vindicate important rights "that cannot be valued solely in monetary terms" and fee awards are used to deter future violations)); *Cowan v. Prudential Ins. Co. of America,* 935 F.2d 522, 526

(2d Cir.1991) ("A presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award.").

Accordingly, the court finds that the Settlement Agreement represents a fair, reasonable, and adequate resolution of a bona fide dispute under the FLSA. It is hereby **ORDERED** that the Settlement Agreement (ECF No. 25-1) is **APPROVED**.

The Clerk is directed to forward a copy of this Order to counsel of record.

**ENTERED** this 8th day of December, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE